UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARWAN KUMAR,

    Petitioner,

v.

ALBERTO R. GONZALES, et al.,

    Respondents.

CASE NO. C06-1805-MJP-JPD

ORDER DENYING PETITIONER'S MOTION TO RECONSIDER ORDER DENYING STAY OF REMOVAL

    Petitioner Sharwan Kumar is a native and citizen of Fiji. On May 17, 1992, he was admitted to the United States as a F-2 non-immigrant student, but failed to maintain his non-immigrant status and was placed in deportation proceedings. On July 28, 1994, an Immigration Judge ("IJ") denied his applications for asylum and withholding of deportation, and ordered him deported to Fiji. On July 27, 1998, the Board of Immigration Appeals ("BIA") dismissed petitioner's appeal, but granted him 30 days to voluntarily depart the United States. Petitioner did not voluntarily depart the United States, but instead remained in the country for more than eight years.

    On October 12, 2006, the Department of Homeland Security ("DHS") apprehended

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 1

petitioner for deportation to Fiji. DHS obtained travel documents and made travel arrangements for petitioner's deportation. However, on December 6, 2006, two weeks before his scheduled departure, petitioner filed a motion to reopen and a request for stay of deportation with the BIA. On December 19, 2006, the BIA denied petitioner's application for a stay of deportation, concluding that there is little likelihood that petitioner's motion to reopen would be granted. (Dkt. #6, Ex. A). The same day, DHS initiated petitioner's deportation to Fiji.

On December 19, 2006, while on route to the Seattle-Tacoma International Airport, petitioner, proceeding through counsel, filed a Petition for Writ of Habeas Corpus and Request for Stay of Removal/Deportation. (Dkt. #1). Petitioner asserted that he had filed applications for asylum and for protection under the Convention Against Torture ("CAT") with the U.S. Citizenship and Immigration Services ("USCIS") Nebraska Service Center, and that respondents intended to deport him without a hearing. Accordingly, the Court entered an Order granting petitioner a temporary stay of removal pending briefing and a resolution of petitioner's request for stay.

On December 29, 2006, respondents filed an opposition to petitioner's request for stay of removal, arguing that this Court lacks subject matter jurisdiction to hear this case under the REAL ID Act of 2005, and that petitioner's request for stay should be denied because the BIA has already considered and denied petitioner's request for stay based on its finding that there is little likelihood that petitioner's motion to reopen will be granted. (Dkt. #6). On January 10, 2007, the Court denied petitioner's motion for stay of removal, finding that petitioner had failed to demonstrate either a probability of success on the merits plus the possibility of irreparable harm, or that serious legal questions are raised and the balance of hardships tips in petitioners

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 2

favor, as required for a preliminary injunction. See *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc). On January 12, 2007, petitioner filed a Motion to Reconsider Order Denying Stay of Removal. (Dkt. #8).

The Court, having considered petitioner's motion for reconsideration, and the balance of the record, does hereby find and ORDER as follows:

(1) Petitioner's Motion for Reconsideration (Dkt. #8) is DENIED. By local rule, motions for reconsideration are disfavored and the court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).

Petitioner argues that he has filed an application for asylum with the USCIS Nebraska Service Center and that he must be given a prima facie hearing by the Immigration Service on his claim of asylum based on changed country conditions in Fiji before he is removed from the United States. However, as this Court previously stated, the pendency of an application for collateral administrative relief does not entitle an alien to a stay of removal. *See Armstrong v. I.N.S.*, 445 F.2d 1395, 1396 (9th Cir. 1971) (holding that a pending visa application does not entitle an alien to a stay of deportation to await the issuance of a visa); *also Bowes v. I.N.S.*, 443 F.2d 30, 31 (9th Cir. 1971) (holding that the pendency of an application does not entitle an alien to a delay in deportation proceedings); *Obitz v. I.N.S.*, 623 F.2d 1331 (9th Cir. 1980) (same).

> Although deportation proceedings may sometimes be deferred or canceled to enable an alien to qualify for some collateral immigration benefits, an alien has no absolute right to such dispensation. Thus, aliens cannot demand such relief as a matter of right because they have sought collateral benefits that may have a bearing on their deportability.

6 Gordon, Mailman & Yale-Loehr, Immigration Law and Procedure § 72.03[2][e] (rev. ed.

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 3

2000). Furthermore, the BIA has already considered and denied petitioner's request for stay of removal pending a determination on his motion to reopen based on its finding that the motion to reopen has little likelihood of success on the merits. (Dkt. #6, Ex. A).

Petitioner, in his motion for reconsideration, makes no actual showing that he is eligible for relief from removal. The BIA, which is in a better position to evaluate petitioner's request for asylum, has already determined that petitioner's motion to reopen has little likelihood of success on the merits. As a result, the Court finds that petitioner has not demonstrated a probability of success on the merits, or that substantial legal questions have been raised before this Court. Thus, petitioner does not satisfy the *Abassi* test, and a stay of removal should not be granted.

(2) The Clerk is directed to send a copy of this Order to the parties and to the Honorable James P. Donohue.

DATED this __17th__ day of January, 2007.

*signature*

Marsha J. Pechman
U.S. District Judge

Recommended for Entry
this 16th of January, 2007.

s/JAMES P. DONOHUE
_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION TO RECONSIDER ORDER
DENYING STAY OF REMOVAL
PAGE – 4